

**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

DWAYNE HARRIS,         :

                 :     Civil Action No. 07-5475 (SRC)

          Plaintiff,   :

                 :

          v.        :   **OPINION**

                 :

JOHN S. CORZINE, et al.,  :

                 :

         Defendants.  :

**APPEARANCES:**

Plaintiff pro se
Dwayne Harris
Mid State Correctional Facility
P.O. Box 866, FMU # 48
Wrightstown, NJ 08562

**CHESLER**, District Judge

    Plaintiff Dwayne Harris, a prisoner confined at Mid State Correctional Facility in Wrightstown, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

    At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or

malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I.  BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff alleges that on May 20, 2004, members of the Elizabeth Police Department and Union County Prosecutor's Office obtained a search warrant based on fabricated and insufficient information.  Plaintiff alleges that, on May 25, 2004, police conducted a search that exceeded the search authorized by the warrant.  As a result of the search, Plaintiff was arrested and charged with various offenses.  Plaintiff alleges that there was no probable cause for his arrest. Plaintiff alleges that he was not read his Miranda[1] rights at the time of his arrest.  In addition, Plaintiff alleges that when he asked to see a search or arrest warrant, and while he was handcuffed, a "John Doe" police officer slammed Plaintiff down a flight of stairs, striking him on the chest.

---

[1] In Miranda v. Arizona, 384 U.S. 436 (1966), the Supreme Court set forth certain procedural safeguards that must be employed, to protect an individual's constitutional privilege against self-incrimination, whenever authorities take an individual into custody, or otherwise deprive him of his freedom in any significant way, and subject him to questioning.

2

With respect to the ensuing prosecution, Plaintiff alleges that exculpatory evidence was withheld from the Grand Jury. He alleges that evidence obtained through the improper search was presented to the Grand Jury and admitted into evidence at trial. In addition, Plaintiff alleges that a statement obtained in violation of his Miranda rights was presented to the Grand Jury. Plaintiff alleges further that certain witnesses committed perjury both before the Grand Jury and at trial. Plaintiff also contends that the prosecutors deprived him of his rights to due process at trial.

Plaintiff alleges that the Elizabeth Police Department failed to "address, control and govern" members of the Department during May 2004, as a result of which Plaintiff's constitutional rights were violated as described above.[2]

Plaintiff alleges that he has been unlawfully detained as a result of these events.[3]

---

[2] Plaintiff also alleges that the Elizabeth Police Department continues to neglect the "corruption" within the force, but he fails to allege any damage to himself as a result of the alleged continuing corruption. Accordingly, he fails to state a claim based on any corruption existing after May 2005.

[3] Plaintiff does not allege whether he was convicted of the charges arising out of these events. The Court notes, however, that the Inmate Locator of the New Jersey Department of Corrections reflects that Plaintiff is presently confined at Mid State Correctional Facility as a result of convictions for possession of a controlled dangerous substance, N.J.S.A. 2C:35-10A, and possession of heroin, N.J.S.A. 2C:35-5(B)(3). The Inmate Locator reflects further that the offense date was May 25, 2004, and that the sentence date was December 2, 2005.

Plaintiff names as defendants Governor Jon S. Corzine, Attorney General Anne Milgram, Department of Corrections Commissioner George Hayman, John E. McCormac of the Department of the Treasury, Union County Prosecutor Theodore J. Romankow, Assistant Prosecutor Matthew C. Dorsi, Assistant Prosecutor Scott M. Peterson, Assistant Prosecutor Sara Liebman, Union County Jail, John or Jane Doe Union County Freeholders, John or Jane Doe, Mayor J. Christian Bollwage, City of Elizabeth, Elizabeth Police Department, John/Jane Doe Chief, John or Jane Doe Detective, Detective Kevin McDonough, Detective Christopher Flatley, and Police Director M. Rosalis.

Plaintiff seeks damages in the amount of $4.5 million.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

---

Accordingly, it appears that Plaintiff is presently confined as a result of convictions arising out of the events alleged in the Complaint.

4

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

A complaint must plead facts sufficient at least to "suggest" a basis for liability.  Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted).  See also Morse v. Lower Merion School Dist., 132 F.3d at 906 (a court need not credit a pro se plaintiff's "bald assertions" or "legal conclusions").

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

In addition, a complaint must comply with the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 10(b) provides:

> A party must state its claims ... in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  ...  If doing so would promote clarity, each claim founded on a separate transaction or occurrence ... must be stated in a separate count or defense.

Rule 20(a)(2) controls the permissive joinder of defendants in pro se prisoner actions as well as other civil actions.

Persons ... may be joined in one action as defendants
if:
    (A) any right to relief is asserted against them
jointly, severally, or in the alternative with respect
to or arising out of the same transaction, occurrence,
or series of transactions or occurrences; _and_
    (B) any question of law or fact common to all
defendants will arise in the action.

(emphasis added).  See, _e.g._, Pruden v. SCI Camp Hill, 252

Fed.Appx. 436 (3d Cir. 2007); George v. Smith, 507 F.3d 605 (7th

Cir. 2007).[4]

### III.   SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C.

§ 1983 for certain violations of his constitutional rights.

Section 1983 provides in relevant part:

Every person who, under color of any statute,
ordinance, regulation, custom, or usage, of any State
or Territory ... subjects, or causes to be subjected,
any citizen of the United States or other person within
the jurisdiction thereof to the deprivation of any
rights, privileges, or immunities secured by the
Constitution and laws, shall be liable to the party
injured in an action at law, suit in equity, or other
proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must

allege, first, the violation of a right secured by the

Constitution or laws of the United States and, second, that the

alleged deprivation was committed or caused by a person acting

---

[4] Plaintiff's Complaint fails, in many respects, to comply
with the pleading requirements of the Federal Rules of Civil
Procedure.  Because of the disposition of this matter on other
grounds, however, this Court need not rely on pleading
infirmities in its screening of this Complaint.

under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Local government units and supervisors are not liable under § 1983 solely on a theory of respondeat superior.  See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v. New York City Department of Social Services, 436 U.S. 658, 690-91, 694 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); Natale v. Camden County Correctional Facility, 318 F.3d 575, 583-84 (3d Cir. 2003).  "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted).  Accord Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).

To establish municipal liability under § 1983, "a plaintiff must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy

or acquiescence in a well-settled custom." Bielevicz v. Dubinon,
915 F.2d 845, 850 (3d Cir. 1990), quoted in Blanche Rd. Corp. v.
Bensalem Twp., 57 F.3d 253, 269 n.16 (3d Cir.), cert. denied, 516
U.S. 915 (1995), and quoted in Woodwind Estates, Ltd. v.
Gretkowski, 205 F.3d 118, 126 (3d Cir. 2000).  A plaintiff must
demonstrate that, through its deliberate conduct, the
municipality was the moving force behind the plaintiff's injury.
Monell, 436 U.S. at 689.

> A policy is made "when a decisionmaker possess[ing]
> final authority to establish municipal policy with
> respect to the action issues a final proclamation,
> policy or edict." Kneipp v. Tedder, 95 F.3d 1199, 1212
> (3d Cir. 1996) (quoting Pembaur v. City of Cincinnati,
> 475 U.S. 469, 481, 106 S.Ct. 1292, 89 L.Ed.2d 452
> (1986) (plurality opinion)).  A custom is an act "that
> has not been formally approved by an appropriate
> decisionmaker," but that is "so widespread as to have
> the force of law." [Bd. of County Comm'rs of Bryan
> County, Oklahoma v. Brown, 520 U.S. 397, 404 (1997).]

> There are three situations where acts of a
> government employee may be deemed to be the result of a
> policy or custom of the governmental entity for whom
> the employee works, thereby rendering the entity liable
> under § 1983.  The first is where "the appropriate
> officer or entity promulgates a generally applicable
> statement of policy and the subsequent act complained
> of is simply an implementation of that policy."  The
> second occurs where "no rule has been announced as
> policy but federal law has been violated by an act of
> the policymaker itself."  Finally, a policy or custom
> may also exist where "the policymaker has failed to act
> affirmatively at all, [though] the need to take some
> action to control the agents of the government 'is so
> obvious, and the inadequacy of existing practice so
> likely to result in the violation of constitutional
> rights, that the policymaker can reasonably be said to
> have been deliberately indifferent to the need.'"

Natale, 318 F.3d at 584 (footnote and citations omitted).[5]

## IV.   ANALYSIS

A.   Fourth Amendment Claims

Plaintiff alleges that on May 20, 2004, certain defendants obtained a search warrant based upon fabricated and insufficient information, and that on May 25, 2004, certain defendants conducted a search that exceeded the scope of the warrant and, as a result, arrested Plaintiff without probable cause and unlawfully detained him.  This Court construes these allegations as attempting to assert claims under the Fourth Amendment of unlawful search, false arrest, and false imprisonment.  Plaintiff alleges further that he was tried on these charges in August, 2005.  Plaintiff's Complaint is dated November 6, 2007, and was received in this Court on November 15, 2007.

The Fourth Amendment claims must be dismissed as untimely. See Nicholas v. Heffner, 2007 WL 933298, *2 (3d Cir. 2007) (unpubl.) ("Where the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, sua sponte dismissal under 28 U.S.C. § 1915 is permissible.").

---

[5] Plaintiff's claims against defendants Governor Jon S. Corzine, Attorney General Anne Milgram, Mayor J. Christian Bollwage, Union County Freeholders, and the City of Elizabeth appear to be based solely upon an untenable theory of vicarious liability and, therefore, will be dismissed.

It is well established in the Third Circuit that an arrest without probable cause is a Fourth Amendment violation actionable under § 1983.  See Walmsley v. Philadelphia, 872 F.2d 546 (3d Cir. 1989)(citing cases); see also, Albright v. Oliver, 510 U.S. 266, 274 (1994)(a section 1983 claim for false arrest may be based upon an individual's Fourth Amendment right to be free from unreasonable seizures).  Moreover "where the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest."  Groman v. Manalapan, 47 F.3d 628, 636 (3d Cir. 1995); Palma v. Atlantic County, 53 F. Supp. 2d 743, 755 (D.N.J. 1999)(citing Groman).  Indeed, the U.S. Supreme Court recently noted that, "False arrest and false imprisonment overlap; the former is a species of the latter."  Wallace v. Kato, 127 S.Ct. 1091, 1095 (2007).

An arrestee could file suit as soon as the allegedly wrongful arrest occurs; the limitations period begins to run, however, only when the allegedly false imprisonment ends. Wallace, 127 S.Ct. at 1095-96.

> Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held pursuant to such process - when, for example, he is bound over by a magistrate or arraigned on charges.  Thereafter, unlawful detention forms part of the damages for the "entirely distinct" tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by wrongful institution of legal process.  "If there is a false arrest claim, damages

for that claim cover the time of detention up until
issuance of process or arraignment, but not more.  From
that point on, any damages recoverable must be based on
a malicious prosecution claim and on the wrongful use
of judicial process rather than detention itself."

Wallace 127 S.Ct. 1096 (emphasis in original) (citations and
footnote omitted).  Similarly, any claim of constitutional
deprivation arising out of the search accrued at the time of the
search.

Civil rights claims are best characterized as personal
injury actions and are governed by the applicable state's statute
of limitations for personal injury actions.[6]  See Wilson v.
Garcia, 471 U.S. 261, 280 (1985).  Accordingly, New Jersey's two-
year limitations period on personal injury actions, N.J. Stat.
Ann. § 2A:14-2, governs Plaintiff's Fourth Amendment claims.  See
Montgomery v. DeSimone, 159 F.3d 120, 126 & n.4 (3d Cir. 1998);
Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d
Cir. 1989).  Under N.J. Stat. Ann. § 2A:14-2, an action for an
injury to the person caused by a wrongful act, neglect, or
default must be commenced within two years of accrual of the
cause of action.  Cito, 892 F.2d at 25; accord Brown v. Foley,
810 F.2d 55, 56 (3d Cir. 1987).  Unless their full application
would defeat the goals of the federal statute at issue, courts

---

[6] However, "the accrual date of a § 1983 cause of action is
a question of federal law that is not resolved by reference to
state law."  Wallace v. Kato, 127 S.Ct. at 1095 (emphasis in
original).

12

should not unravel states' interrelated limitations provisions
regarding tolling, revival, and questions of application.  Wilson
v. Garcia, 471 U.S. at 269.

New Jersey statutes set forth certain bases for "statutory
tolling."  See, e.g., N.J.S.A. § 2A:14-21 (detailing tolling
because of minority or insanity); N.J.S.A. § 2A 14-22 (detailing
tolling because of nonresidency of persons liable).  New Jersey
law permits "equitable tolling" where "the complainant
has been induced or tricked by his adversary's misconduct into
allowing the filing deadline to pass," or where a plaintiff has
"in some extraordinary way" been prevented from asserting his
rights, or where a plaintiff has timely asserted his rights
mistakenly by either defective pleading or in the wrong forum.
See Freeman v. State, 347 N.J. Super. 11, 31 (citations omitted),
certif. denied, 172 N.J. 178 (2002).  "However, absent a showing
of intentional inducement or trickery by a defendant, the
doctrine of equitable tolling should be applied sparingly and
only in the rare situation where it is demanded by sound legal
principles as well as the interests of justice."  Id.

When state tolling rules contradict federal law or policy,
in certain limited circumstances, federal courts can turn to
federal tolling doctrine.  See Lake v. Arnold, 232 F.3d 360, 370
(3d Cir. 2000).  Under federal law, equitable tolling is
appropriate in three general scenarios:

13

(1) where a defendant actively misleads a plaintiff
with respect to her cause of action; (2) where the
plaintiff has been prevented from asserting her claim
as a result of other extraordinary circumstances; or
(3) where the plaintiff asserts her claims in a timely
manner but has done so in the wrong forum.

Id. n.9.

Here, according to the allegations of his Complaint, the

false arrest, false imprisonment, and unlawful search claims

accrued in May, 2004.  Plaintiff alleges that he was formally

charged and bail was set on May 25, 2004.  In addition, he

alleges that he was on trial in August 2005, by which time he

certainly was held pursuant to legal process.  Thus, this

Complaint, submitted no earlier than November 6, 2007, is

untimely on its face.  Plaintiff alleges no facts or

extraordinary circumstances that would permit statutory or

equitable tolling under either New Jersey or federal law.

Therefore, Plaintiff's false arrest, false imprisonment, and

unlawful search claims are untimely and must be dismissed with

prejudice.[7]

B.     Failure to Train/ Supervise

Plaintiff asserts that the Elizabeth Police Department and

the Chief of Police failed to "address, control and govern the

affairs of the narcotics' bureau and other members of the police

---

[7] This Court expresses no opinion as to whether any of the
alleged events of May 2004 violated any of Plaintiff's Fourth
Amendment rights.

14

department on the dates of 10, 17, 20, 25 of the month of May 2004. During which my rights were trampled by their Department."

In general, where a plaintiff seeks to establish liability based on a supervisor's (or municipality's) failure to train or supervise adequately, the plaintiff must show that a need for more or different training or supervision is so obvious, and the inadequacy so likely to result in constitutional violations, that the failure to train or supervise can fairly be said to represent official policy. City of Canton v. Harris, 489 U.S. 378, 388-92 (1989); Stoneking v. Bradford Area School Dist., 882 F.2d 720, 724-26 (3d Cir. 1989), cert. denied, 493 U.S. 1044 (1990).

Here, the alleged failure to train and/or supervise adequately took place in May 2004, more than two years before Plaintiff submitted his Complaint. Accordingly, these claims are time-barred and must be dismissed with prejudice.

C.   Malicious Prosecution

Plaintiff alleges that he was subjected to a "malicious prosecution." In support of this claim, he alleges that certain defendants provided false testimony before the grand jury and that prosecutor Scott Peterson "conspired" with certain defendant detectives to make misrepresentations and withhold exculpatory evidence from the grand jury.

In order to state a prima facie case for a § 1983 claim of malicious prosecution pursuant to the Fourth Amendment, a

15

plaintiff must establish the elements of the common law tort as it has developed over time, Hilfirty v. Shipman, 91 F.3d 573, 579 (3d Cir. 1996), and that there has been a seizure, Gallo v. City of Philadelphia, 161 F.3d 217, 222 (3d Cir. 1998); Luthe v. Cape May, 49 F. Supp.2d 380, 393 (D.N.J. 1999). Under New Jersey law, the common law tort elements of a malicious prosecution action arising out of a criminal prosecution are: (1) the criminal action was instituted by the defendant against the plaintiff, (2) it was actuated by malice, (3) there was an absence of probable cause for the proceeding, and (4) the criminal proceeding was terminated favorably to the plaintiff. Lind v. Schmid, 67 N.J. 255, 262 (1975). A plaintiff attempting to state a malicious prosecution claim must also allege that there was "'some deprivation of liberty consistent with the concept of seizure.'" Gallo, 161 F.3d at 222 (quoting Singer v. Fulton County Sheriff, 63 F.3d 110, 116 (2d Cir. 1995)); see Albright v. Oliver, 510 U.S. 266 (1994). Ordinarily, the statute of limitations on a malicious prosecution claim begins to run on the date plaintiff receives a favorable termination of the prior criminal proceeding. Heck v. Humphrey, 512 U.S. 477, 489 (1994).

Here, Plaintiff has failed to allege a favorable termination

of the criminal proceedings.  Accordingly, this claim must be dismissed without prejudice.[8]

D.    Prosecution and Trial Errors

Plaintiff alleges various errors in connection with his prosecution and trial, including perjury, prosecutorial misconduct, use of a statement obtained in violation of Plaintiff's Miranda rights,[9] admission of evidence obtained in violation of Plaintiff's Fourth Amendment rights.  These claims have not yet accrued, and must be dismissed without prejudice.

In a series of cases beginning with Preiser v. Rodriquez, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C.§ 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254.  In Preiser, state prisoners who had been deprived of good-conduct-time credits by the New York State

---

[8] In light of this disposition, this Court need not determine whether the defendants are immune for their conduct before the grand jury.  See, e.g., Burns v. Reed, 500 U.S. 478 (1991).

[9] To the extent Plaintiff seeks to assert a claim for damages based directly upon questioning or acquisition of a statement in violation of his Miranda rights, as opposed to the use of such a statement at trial, he fails to state a claim. "[V]iolations of the prophylactic Miranda procedures do not amount to violations of the Constitution itself. ... The right protected under the Fifth Amendment is the right not to be compelled to be a witness against oneself in a criminal prosecution, whereas the 'right to counsel' during custodial interrogation recognized in [Miranda[ is merely a procedural safeguard and not a substantive right." Giuffre v. Bissell, 31 F.3d 1241, 1256 (3d Cir. 1994) (citations omitted).  This Court expresses no opinion as to whether the use of any statement obtained from Plaintiff violated the Miranda rule.

17

Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate release.  411 U.S. at 476.  The prisoners did not seek compensatory damages for the loss of their credits.  411 U.S. at 494.  The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  Id. at 500.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Court addressed a corollary question to that presented in Preiser, whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983, a form of relief not available through a habeas corpus proceeding.  Again, the Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence

18

> that has <u>not</u> been so invalidated is not cognizable
> under § 1983.

512 U.S. at 486-87 (footnote omitted).  The Court further
instructed district courts, in determining whether a complaint
states a claim under § 1983, to evaluate whether a favorable
outcome would necessarily imply the invalidity of a criminal
judgment.

> Thus, when a state prisoner seeks damages in a § 1983
> suit, the district court must consider whether a
> judgment in favor of the plaintiff would necessarily
> imply the invalidity of his conviction or sentence; if
> it would, the complaint must be dismissed unless the
> plaintiff can demonstrate that the conviction or
> sentence has already been invalidated.  But if the
> district court determines that the plaintiff's action,
> even if successful, will <u>not</u> demonstrate the invalidity
> of any outstanding criminal judgment against the
> plaintiff, the action should be allowed to proceed, in
> the absence of some other bar to the suit.

512 U.S. at 487 (footnotes omitted).  The Court further held that
"a § 1983 cause of action for damages attributable to an
unconstitutional conviction or sentence does not accrue until the
conviction or sentence has been invalidated." <u>Id.</u> at 489-90.

"Considering <u>Heck</u> and summarizing the interplay between
habeas and § 1983 claims, the Supreme Court recently explained
that, 'a state prisoner's § 1983 action is barred (absent prior
invalidation) - no matter the relief sought (damages or equitable
relief), no matter the target of the prisoner's suit (state
conduct leading to conviction or internal prison proceedings) -
<u>if</u> success in that action would necessarily demonstrate the

19

invalidity of the confinement or its duration.'" <u>Williams v.</u>
<u>Consovoy</u>, 453 F.3d 173, 177 (3d Cir. 2006) (quoting <u>Wilkinson v.</u>
<u>Dotson</u>, 544 U.S. 74, 81-82 (2005)) (emphasis in original).

The prosecution-error claims asserted here are the types of
claims that would necessarily demonstrate the invalidity of
Plaintiff's conviction.  Accordingly, these claims have not yet
accrued and must be dismissed without prejudice.  <u>See</u> <u>Wallace v.</u>
<u>Kato</u>, 127 S.Ct. 1091 (2007); <u>Adams v. City of Oakland</u>, 1995 WL
150562 (N.D. Cal. 1995).[10]

E.   <u>Unlawful Detention</u>

Plaintiff alleges that he is being unlawfully detained.  Any
challenge to Plaintiff's current detention must be brought as a
petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254,
following exhaustion of state remedies.  Accordingly, this claim
must be dismissed without prejudice.

In addition, Plaintiff names as defendants the Union County
Jail and, in the text of the Complaint, Elizabeth Adult
Correctional Center, where he claims he has been unlawfully
detained.  Wholly apart from the merits of the question whether

---

[10] Because these claims are not yet ripe, this Court need
not determine whether they are dismissible on the ground of
immunity.  <u>See</u>, <u>e.g.</u>, <u>Imbler v. Pachtman</u>, 424 U.S. 409, 410
(1976) ("[A] state prosecuting attorney who act[s] within the
scope of his duties in initiating and pursuing a criminal
prosecution" is not amenable to suit under § 1983); <u>Briscoe v.</u>
<u>LaHue</u>, 460 U.S. 325, 341-46 (1983) (witnesses, including police
witnesses, are absolutely immune from civil damages based upon
their trial testimony).

he has been unlawfully detained, a county jail is not a "person" amenable to suit under 42 U.S.C. § 1983.  See, e.g., Marbry v. Correctional Medical Services, 238 F.3d 422, *2 (6th Cir. 2000) (unpubl.); Ogden v. Huntingdon Co., 2007 WL 2343814, *3 (M.D. Pa. Aug. 15, 2007); Marsden v. Federal BOP, 856 F.Supp. 832, 836 (S.D.N.Y. 1994); Powell v. Cook County Jail, 814 F.Supp. 757, 758 (N.D. Ill. 1993); McCoy v. Chesapeake Correctional Center, 788 F.Supp. 890, 893-94 (E.D. Va. 1992).  Accordingly, the claims against Union County Jail and the Elizabeth Adult Correctional Center must be dismissed with prejudice.

F.   "Treasury" Claims

Plaintiff has named as defendants Treasurer John E. McCormac and John and Jane Doe employees of the Department of the Treasury, the latter of whom he describes as responsible for disbursements, i.e., pensions, payroll and civil actions. Plaintiff also alleges that the Union County Freeholders administer and control financial disbursements for all county entities and employees and that they oversee the county budget.

Plaintiff has alleged no facts suggesting a basis for liability on the part of these defendants.  Accordingly, all claims against them will be dismissed.

V.   CONCLUSION

For the reasons set forth above, all claims must be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and

21

1915A(b)(1), for failure to state a claim.[11]  However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to state a claim, the Court will grant Plaintiff leave to file a motion to reopen accompanied by a proposed amended complaint.[12]  An appropriate order follows.

Stanley R. Chesler
United States District Judge

Dated: *April 7, 2008*

---

[11] The Court notes that "'[g]enerally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action.' ...  The dispositive inquiry is whether the district court's order finally resolved the case." Martin v. Brown, 63 F.3d 1252, 1257-58 (3d Cir. 1995) (quoting Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976)) (other citations omitted).  In this case, if Plaintiff can correct the deficiencies of his Complaint, he may file a motion to re-open these claims in accordance with the court rules.

[12] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  Id.  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  Id.

In addition, any proposed amended complaint must comply with the requirements of the Federal Rules of Civil Procedure, including Rules 8, 10, and 20.